IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  4:10-cr-055 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLEA AGREEMENT |
| | ) | |
| RONALD LEE WHEELER, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America,
and the defendant, RONALD LEE WHEELER, with the defendant's attorney, as follows:

## A.  CHARGES

1.      Subject Offense. At a place and time directed by the government, the
defendant will plead guilty to Count 1 of the Superseding Indictment filed June 4, 2010, which
charges a violation of Title 18, United States Code, Section 1014, that is, False Statement to a
Financial Institution.

2.      Charges Being Dismissed.   Should defendant abide by all terms and
conditions of this plea agreement, the government will, at the time of sentencing, move to dismiss
Count 2 of the Superseding Indictment.

3.      No Further Prosecution.  The United States of America agrees that the
defendant will not be charged in the Southern District of Iowa with any other federal criminal offense

1

under Title 18, arising from or directly relating to this investigation, except for any crimes of violence.

## B.  CONSEQUENCES OF PLEA

4.      Maximum Punishment.  Count 1 is punishable by a maximum term of thirty (30) years, a maximum fine of not more than $250,000.00, or both, a special assessment of $100.00, and a term of supervised release of at least five (5) years.

5.      Mandatory Minimum.    Count 1 does not have a minimum mandatory term of imprisonment.

## C.  SENTENCING CONSIDERATIONS

6.      Sentencing Guidelines - Factors.  The sentence to be imposed is solely within the District Court's discretion, with due consideration for the United States Sentencing Commission Guidelines which apply to this offense.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

        a.      the amount of the loss;

        b.      the number of victims;

        c.      the sophistication used;

        d.      criminal history (prior convictions); and,

        e.      acceptance or lack of acceptance of  responsibility.

7.      No Promises.  The government makes no representations or promises as to the sentence to be imposed, as this is solely within the District Court's discretion. The parties have agreed to recommend to the District Court that the defendant receive probation in lieu of a prison

2

sentence.  The parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed, which, as stated above, is solely within the District Court's discretion.  The defendant understands that if the District Court does not follow the recommendation of the parties, the defendant will not be allowed to withdraw his guilty plea.

       8.     <u>Restitution.</u>  The defendant agrees to pay restitution as established by Probation for both Counts 1 and 2.

       9.     <u>Fines/Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

       10.    <u>Special Assessment</u>. The defendant agrees to pay to the United States a special assessment of $100.00 as required by Title 18, United States Code, § 3013.  The defendant agrees to make such payment (by cashiers check or money order payable to "Clerk, U. S. District Court") to the Clerk of the United States District Court prior to sentencing.

       11.    <u>Breach - Use of Information</u>.  If the defendant breaches the terms and conditions of this agreement, the government is free to use against the defendant any statement given by the defendant in proffer interviews, debriefings, during testimony or Attachment "A" of this plea agreement.  Such statements or testimony may be used against the defendant in any criminal prosecution including prosecutions of the instant offense, perjury, obstruction of justice, or other applicable criminal prosecution.

## D.  GENERAL MATTERS

       12.    <u>Voluntariness of Plea</u>.  The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussion between the Government

and the defendant (other than those described in this Plea Agreement), without promise of benefit of any kind (other than those described in this Plea Agreement), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges that he understands the nature of the offense to which he is pleading guilty, including the penalties provided by law.

13.     Limited Scope of Agreement. This agreement does not limit, in any way, the right or ability of the government to investigate or prosecute the defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the government from pursuing any civil or administrative matters against the defendant, including, but not limited to, civil tax matters and civil forfeiture, which arise from, or are related to, the facts upon which this investigation is based.

14.     Entire Agreement. This Plea Agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the Government or by its agents.

15.     Factual Stipulation. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to the subject offense.

16.     Venue. Defendant agrees that the offense conduct relating to the subject offense was committed, in whole or in part, in the Southern District of Iowa, and that the United States District Court for the Southern District of Iowa may exercise venue over this case.

17.     Public Interest. The parties state that this Plea Agreement is in the public interest and takes into account the benefit to the public of a prompt and certain disposition of the

case and furnishes adequate protection to the public interest, is in keeping with the gravity of the offense and the promotion of respect for the law.

## E.  LIMITED WAIVER OF APPEAL AND TITLE 28 U.S.C. § 2255

18.     Waiver of Appeal and § 2255 Rights. Defendant waives any and all rights to appeal defendant's conviction, including a waiver of all motions, defenses and objections which defendant could assert to the charges.  If the District Court imposes a term of probation, as recommended by the parties, the Defendant waives all rights to appeal his sentence pursuant to 18 U.S.C. § 3742. Defendant waives any and all rights to contest his conviction of the subject charge in any post-conviction proceedings, including any proceedings under Title 28, U.S.C. § 2255.  The waivers in this paragraph are full and complete, except that they do not preclude the defendant from seeking post-conviction relief (§2255) based on ineffective assistance of counsel or prosecutorial misconduct if the grounds for such claim are not known to the defendant or were not reasonably known at the time defendant enters a plea pursuant to this Plea Agreement.

19.     Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below. The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its timely acceptance by defendant.  For defendant to have timely accepted this plea agreement offer, defendant and the defendant's attorney must have properly executed the Plea Agreement, Attachment A (Stipulation of Facts), and the Statement by Defendant in Advance of Plea of Guilty, and the Office of the United States Attorney for the Southern District of Iowa must have received delivery of said properly executed documents at its Council Bluffs Office at U.S. Post Office and Courthouse Building, 8 South 6th Street, Suite 348, Council Bluffs,  Iowa 51501, by 4:00 p.m. on January 6,

2011. Should this offer of a Plea Agreement not have properly and timely been accepted by defendant by 4:00 p.m. on January 6, 2011, this offer is automatically withdrawn without further notice to defendant.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

## F. SIGNATURES

20. <u>Defendant.</u> I have read all of this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this plea agreement. I have not been threatened in any way to get me to enter into this plea agreement. I am satisfied with the services of my attorney with regard to this plea agreement and other matters associated with this case. I am entering into this plea agreement and will enter my plea of guilty under this agreement because I committed the crime to which I am pleading guilty.


2-16-11
Date

RONALD LEE WHEELER
Defendant


21. <u>Defendant's Attorney.</u> I have read this plea agreement and have discussed in its entirety with my client. There is no plea agreement other than the agreement set forth in this writing. My client fully understands this plea agreement. I am satisfied my client is capable of entering into this plea agreement, and does so voluntarily of the defendant's own free will, and without any coercion or compulsion. I believe there is a factual basis for the plea and concur in my client entering into this plea agreement and in entering a plea of guilty pursuant to the plea agreement.


2-16-11
Date

Ward A. Rouse
Attorney for Defendant
4940 Pleasant Street
West Des Moines, Iowa 50266
Tel: 515-223-9000
Fax: 515-226-7810
Email:ward.rouse@brsslaw.com

6

22. <u>United States of America.</u>

Nicholas A. Klinefeldt
United States Attorney

Date: *2-18-11*

By:

Richard E. Rothrock
Assistant United States Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51501
Tel: 712-328-1612
Fax:712-328-4048
Email: richard.rothrock@usdoj.gov

**ATTACHMENT A**
**STIPULATION OF FACTS**

COMES NOW the undersigned Assistant United States Attorney for and on behalf of the United States of America, plaintiff in the above captioned matter, defendant, Ronald Lee Wheeler, and defendant's attorney, Ward Rouse, and hereby stipulated and agree that the following facts are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by defendant pursuant to the plea agreement, and for purposes of sentencing:

1.     The defendant agrees that government can prove that International Acquisitions, Inc. was incorporated in the State of Iowa on or about March 9, 2005. That RUSSELL EUGENE BLESSMAN, hereinafter "Blessman", was an officer of said corporation, with authority to make acquisitions and expend funds on its behalf.

2.     The defendant agrees that the government could prove that Blessman made representations to other people that International Acquisitions, Inc., was in the business of purchasing properties, which would then be "rejuvenated" so they could be re-sold at a higher price. As an officer of International Acquisitions, Inc., Blessman would identify potential properties to be purchased by International Acquisitions, Inc., and negotiate a purchase price for the property.

3.     The defendant agrees that the government could prove that Blessman would not purchase property in his own name or in the name of International Acquisitions, Inc., but would instead identify a "client" to purchase the property as an investment opportunity for the client. To participate in the investment scheme, the "client" would obtain a mortgage in the client's name, using the client's credit history, to purchase the identified property for Blessman and International Acquisition, Inc.

8

4.     The defendant agrees that the government could prove that during the spring of 2006, Blessman identified for purchase a property located at 6681 NE Berwick Drive, Ankeny, Iowa, (hereinafter referred to as the Berwick property). Blessman negotiated the sale/purchase price for the Berwick property. On April 15, 2006, after negotiating the purchase price for the Berwick property, Blessman had the purchase rights for the Berwick property transferred from himself and International Acquisitions, Inc. to the defendant.

5.     The defendant agrees the government could prove that Gregory Beck, a loan officer for Mid-American Mortgage (a subsidiary of Wells Fargo Bank), met Blessman through real estate agent Frank Ince. Gregory Beck was requested to assist in obtaining a mortgage in the name of the defendant from Mid-American Mortgage for the Berwick property.

6.     On June 16, 2006, the defendant, along with Stephie Tran (Tran was the defendant's wife at the time), met with Beck at Mid-America Mortgage in Ankeny, Iowa, to obtain a mortgage to purchase the Berwick property for Blessman and International Acquisitions, Inc. The defendant and Tran obtained a thirty year mortgage from Wells Fargo Bank through Mid-American Mortgage in the amount of $796,000.00. This mortgage was thereafter assigned to Lehman Brothers Bank.

7.     To place a down payment for the purchase of the Berwick property, defendant used money provided for by the seller, in the amount of approximately $193,716.

8.     On the residential loan application submitted to Mid-American Home Services Mortgage, the defendant provided, or assisted in providing, false statements and omission by signing and initialing said form, which contained the following misstatements and omissions:

> A. Listing defendant's monthly income at approximately $30,000.00 when defendant's actual monthly income was approximate $8,000.00;

9

B. Listing $500,000.00 in defendant's checking/savings accounts when defendant's actual balance was approximate $5,000.00;

C. Indicating that the property would be the defendant's primary residence even though he never intended to live there; and,

D. The residential loan application did not disclose a carry back mortgage to the seller in the amount of the down payment provided by the defendant.

9.     The defendant agrees the government could prove that had any of the above been disclosed, Wells Fargo would have denied the defendant's requested mortgage.

10.     On or about July 22, 2006, acting on instructions from Blessman, the defendant obtained a second mortgage for the Berwick property in the amount of approximately $484,000, again signing a loan application that falsely claimed that the defendant intended to reside at the Berwick property and made other false, material statements regarding his assets and income.

11.     That at all times material hereto, Wells Fargo was a financial institution insured by the Federal Deposit Insurance Corporation.

12.     That some or all of the above occurred in the Southern District of Iowa.

_1-28-11_
Date

_Ronald L.W. Wheeler_
RONALD LEE WHEELER
Defendant

_1-28-10_
Date

_Ward Rouse_
Ward Rouse
Attorney for Defendant

_2-18-11_
Date

_Richard E. Rothrock_
Richard E. Rothrock
Assistant U.S. Attorney

10